UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Oscar Lee Sykes, Jr., | ) C/A No. 4:08-3937-RBH-TER |
| | ) |
| Plaintiff; | ) |
| | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| Melanie Huggins, in her individual and official capacity, | ) |
| | ) |
| Defendant. | ) |

The Plaintiff, Oscar Lee Sykes, Jr. (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names Horry County Clerk of Court, Melanie Huggins as the sole Defendant.[2]  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff alleges that Melanie Huggins, Clerk of Court for Horry County, has allegedly deprived Plaintiff "of his right to access the court of common pleas fifteenth Judicial Circuit." Plaintiff claims

that he mailed applications for post-conviction relief (PCR) to the Defendant on November 17, 2008, and November 20, 2008. Plaintiff states that he did not receive any confirmation from the Defendant that the applications had been filed, therefore, he alleges that the Defendant has been delinquent in her duties regarding the "processing and filing" of Plaintiff's court documents. Plaintiff seeks monetary damages, declaratory relief, and release from prison.[3]

### Discussion

The Plaintiff's lawsuit is based upon the Defendant's alleged failure to send the Plaintiff an acknowledgment that Plaintiff's two PCR applications had been filed. The Plaintiff alleges that his constitutional right to court access was violated by the Defendant's "delinquency and insubordination." However, the Plaintiff's complaint, signed thirteen (13) days after the first PCR application was mailed to the Defendant, does *not* claim that the Defendant actually refused to file the papers and/or that the Defendant refused to assign case numbers to the lawsuits.[4] Plaintiff does not appear to know whether the lawsuits in question are, in fact, pending. As Plaintiff's claims rest on mere speculation or conjecture at this time, his allegations are insufficient to state a violation of Plaintiff's constitutional rights under § 1983. *See U.S. v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966)(finding speculative claim insufficient to support a finding of actual prejudice in case alleging constitutional violation based on failure to provide a speedy trial).

---

[3] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254. To the extent Plaintiff seeks to have his sentence vacated, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

[4] A "public index search" of Horry County's court records reveals that a Plaintiff named Oscar Lee Sykes has filed three recent Post Conviction Relief cases with the Horry County Court of Common Pleas: Case No. 2008CP2609502, filed November 20, 2008; Case No. 2008CP2609682, filed November 26, 2008; and Case No. 2008CP2609989, filed on December 11, 2008. See http://www.horrycounty.org/publicindex5/PISearch.aspx?CourtType=G.

It is well established that to state a constitutional claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" such that his non-frivolous legal claim had been frustrated or was being impeded). The Plaintiff must make specific allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F. 3d 1310, 1317 (4th Cir. 1996) (finding that the Plaintiff's complaint was deficient because he failed to assert any actual injury resulting from prison officials' conduct); *Strickler v. Waters*, 989 F.2d 1375,1384 (4th Cir. 1993). Liberally construed, the Plaintiff does not allege any specific facts as to how his two legal cases, presumably filed in the Horry County Court of Common Pleas, have been adversely affected, frustrated, or impeded due to the Plaintiff not receiving by mail confirmation of filing. Therefore, the Plaintiff has failed to state a cognizable claim.

Even if the Plaintiff had stated a cognizable access to courts claim by alleging particular "actual injury" facts, the Defendant is entitled to absolute quasi-judicial immunity. County Clerks of Court, though elected by the voters of a county, are part of the State of South Carolina's unified judicial system. *See* S.C. Const. Art. V, § 24; S.C. Code Ann. §§ 14-1-40, 14-17-10. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601(7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972), which held that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings).

In the case *sub judice*, the Plaintiff alleges that the Defendant failed to mail him a piece of paper which acknowledged that Plaintiff's two PCR actions had been filed. As Plaintiff's claims appear to be based on the manner in which Defendant Huggins performs official duties, this Defendant is protected by the doctrine of quasi-judicial immunity. *See, e.g., Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989)(filing of documents by clerk is integral part of judicial process and protected by judicial immunity); *Mullis v. U.S. Bankr. Ct.,* 828 F.2d 1385, 1390 (9th Cir. 1987)(bankruptcy clerks entitled to judicial immunity for refusing to accept amended petitions). As the Defendant is entitled to quasi-judicial immunity, she should be summarily dismissed from the instant action. *See Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

December 19, 2008
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).